1
2
3                    UNITED STATES DISTRICT COURT
4                    EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL R. MASINGALE, | ) |
| Plaintiff, | ) No. CV-10-45-JPH<br>) |
| v. | ) ORDER GRANTING DEFENDANT'S<br>) MOTION FOR SUMMARY JUDGMENT<br>) |
| MICHAEL J. ASTRUE, Commissioner<br>of Social Security, | )<br>) |
| Defendant. | )<br>) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 11, 2011 (Ct. Rec. 11, 16). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Gerald J. Hill represents the Commissioner of Social Security (Commissioner). The parties consented to proceed before a magistrate judge (Ct. Rec. 5). Plaintiff filed a reply on March 7, 2011 (Ct. Rec. 18). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 11).

**JURISDICTION**

Plaintiff applied for disability insurance benefits (DIB) on February 22, 2007, alleging onset as of June 30, 2005 due to bipolar disorder (Tr. 98-100, 137). The application was denied initially and on reconsideration (Tr. 65-67, 70-71).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                  - 1 -

Administrative Law Judge (ALJ) R.S. Chester held a hearing on September 10, 2008. Plaintiff, represented by counsel, psychologist R. Thomas McKnight, Ph.D., and a vocational expert (VE) testified (Tr. 26-62). On October 23, 2008, the ALJ issued a decision finding plaintiff is not disabled (Tr. 11-22). The ALJ found DAA is a contributing factor material to plaintiff's disability determination (Tr. 22). When DAA is excluded, plaintiff can perform past relevant work, meaning he is not disabled (Tr. 21-22). Accordingly, the ALJ found plaintiff not disabled (Tr. 22). The Appeals Council accepted additional evidence and denied review on January 6, 2010 (Tr. 1-4). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on February 23, 2010 (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both plaintiff and the Commissioner, and will be summarized here.

Plaintiff was 52 years old at the time of the hearing. He lived with his spouse (Tr. 38-39). Mr. Masingale earned a high school equivalency certificate (Tr. 40). He sold cars and car accessories, and supervised auto repair work (Tr. 55-57). Plaintiff last worked in 2006 for his father, but stopped because he went "into a depression." Prior to that, he owned an auto repair shop for 15 years (Tr. 41-42).

Plaintiff has seen Mr. Krell for two and a half years, and it

has been helpful. Currently, he attends counseling every 3-4 weeks and sees Dr. Sexton every 1-3 months for medication review (Tr. 45-46, 52). Plaintiff takes lithium and an antidepressant, as well as methadone, which he has taken for two and a half years. He has been clean since March or April 2006 and has not consumed alcohol for 15 years (Tr. 46-47, 53). Mr. Masingale suffers depressive states lasting 2 days to 2 weeks every month, while manic episodes are shorter and happen less often, about once every 1-2 months (Tr. 48). He has felt uncomfortable around other people all his life. He leaves home once or twice a week to shop (Tr. 49). Sometimes plaintiff wants to sleep all the time, and at other times he has problems sleeping (Tr. 50-51). Plaintiff watches television, mows the lawn and "tinkers" (Tr. 52). He has a license and drives (Tr. 39).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other

work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)© and 1382(a)(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with

the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v.*

*Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

The ALJ found plaintiff was insured for DIB purposes through December 31, 2010 (Tr. 13). At step one, he found plaintiff did not engage in substantial gainful activity after onset (Tr. 20). At steps two and three, he found plaintiff suffers from bipolar disorder, depression, and polysubstance dependence, impairments that equal Listings 12.04 (affective disorders) and 12.09 (substance abuse disorders, DAA) (Tr. 16). Because plaintiff meets these Listings when DAA is included, the ALJ found he is presumed disabled at step three (Tr. 16).

Because plaintiff is disabled when DAA is included, the ALJ went on to consider, as required, whether he would still be

disabled if plaintiff stopped abusing substances[1]. The ALJ found if Mr. Masingale stopped abusing substances, that is, if DAA is excluded, he would still have severe impairments but at less than Listing-level severity (Tr. 17). At step four, ALJ Chester found if plaintiff stopped abusing substances, he would be able to perform his past work selling auto accessories and supervising auto body repair (Tr. 21). The ALJ found DAA was a contributing factor material to the disability determination[2] (Tr. 22). Accordingly, he found plaintiff is barred from receiving benefits and therefore not disabled as defined by the Social Security Act (Tr. 22).

**ISSUES**

Mr. Masingale asserts the ALJ erred when he assessed credibility and weighed opinion evidence. He asserts the Commissioner erroneously rejected the opinion of his treating counselor Thomas Krell, M.S. With respect to Dr. Pollack's opinion, plaintiff asserts he has shown good cause for failing to provide it earlier and that the report is material to the disability determination. He asks the court to reverse (Ct. Rec. 12 at 10-17). The Commissioner asserts the ALJ's decision is free of error and supported by substantial evidence, and asks the court to affirm (Ct. Rec. 17 at 2).

///
///

---

[1] *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); 42 U.S.C. §§ 423(d)(2)(C) and 1382 (a)(3)(J).

[2] 20 C.F.R. § 404.1535(b)(2); *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 8 -

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate

reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Opinion evidence**

Plaintiff asserts the ALJ erred when he rejected Mr. Krell's opinion in favor of Dr. McKnight's (Ct. Rec. 12 at 11-17).

Dr. McKnight reviewed the record before he testified. He opines a diagnosis of bipolar diagnosis is somewhat dubious given plaintiff's history of opiate dependency and alcohol abuse, diagnosed cocaine-induced mood disorder, and current methadone use (Tr. 31-33). He observes cocaine-induced mood disorder (rather than bipolar disorder) was diagnosed by a psychiatric nurse practitioner, Michael Rice, who examined Mr. Masingale (Tr. 33, referring to Tr. 372). This is significant in light of plaintiff's assertion the ALJ relied on the opinion of Dr. McKnight who "had never treated or examined" Mr. Masingale (Ct. Rec. 12 at 13). While technically correct, plaintiff's argument ignores the extent to which Dr. McKnight relied on some of the evidence provided by examining professionals.

Dr. McKnight observes DAA manifests "some of the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 10 -

characteristics associated with [Listing] 12.04, including a mimicking of a bipolar disorder that we see rather frequently" (Tr. 33). He notes on April 26, 2007, plaintiff's mood and cognition are both within normal limits (Tr. 32, referring to Tr. 299), and limited mental status exams have been normal (Tr. 33).

Dr. McKnight diagnoses an affective disorder under 12.04. He notes lithium prescribed for bipolar disorder appears to have been effective until 2005 (Tr. 32). With respect to alleged social limitations, he points out opiates tend to make a person more withdrawn from social interaction (Tr. 36). Dr. McKnight disagrees with the opinion of Mr. Krell (below)(Tr. 32-33, Exhibit 8F).

On August 7, 2008, Mr. Krell assessed severe, marked and moderate limitations, including marked limitations in plaintiff's ability to understand and remember very short and simple instructions, sustain an ordinary routine without special supervision, and make simple work-related decisions. Mr. Krell opines plaintiff has only been able to manage marginal employment in the past with the ongoing assistance of employees and coworkers "who have covered many of his responsibilities and duties," without whom he likely would have been fired, and he is likely incapable of ever working full time (Tr. 364-366).

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 20-21). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

1      It is the province of the ALJ to make credibility
2  determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.
3  1995). However, the ALJ's findings must be supported by specific
4  cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.
5  1990). Once the claimant produces medical evidence of an
6  underlying medical impairment, the ALJ may not discredit testimony
7  as to the severity of an impairment because it is unsupported by
8  medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.
9  1998). Absent affirmative evidence of malingering, the ALJ's
10 reasons for rejecting the claimant's testimony must be "clear and
11 convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).
12 "General findings are insufficient: rather the ALJ must identify
13 what testimony not credible and what evidence undermines the
14 claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v.*
15 *Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

16     The ALJ gave clear and convincing reasons for finding
17 plaintiff's credibility diminished (Tr. 20-21).

18     The ALJ observes allegedly disabling impairments were present
19 at roughly the same severity before onset, yet plaintiff was able
20 to work until 2006, including running his own business until 2005.
21 This strongly suggests plaintiff would be able to work now. The
22 ALJ found unexplained failure to follow prescribed courses of
23 treatment and medication compliance, treatment gaps, and records
24 showing plaintiff's functioning improves when he takes medication
25 as prescribed, diminish credibility (Tr. 20-21, 234, 245-247, 266,
26 270, 293, 295).

27     Failing to follow a prescribed course of treatment can cast
28 doubt on a claimant's sincerity. *Fair v. Bowen*, 885 F.2d 597,603

(9th Cir. 1989); *Thomas v. Barnhart*, 278 F.3d 947,958-959 (9th Cir. 2002). Plaintiff's compliance with counseling has been described as poor (Tr. 20, 262-263). In September 2006, Mr. Krell notes plaintiff returned to counseling after an absence of six and a half months (Tr. 20, 249). During the absence he stopped taking all prescribed medication, and in May 2006, began taking methadone daily (Tr. 20, 249). The ALJ notes in December 2004, plaintiff reported lithium has been helpful in managing mood swings (Tr. 20, 234, 270). Symptoms effectively controlled by medication are not disabling. *Warre v. Comm'r of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). In October 2005, according to plaintiff, he "experiences depression when he is using and withdrawing from drugs" (Tr. 174).

The record supports the ALJ's reasons.

The ALJ considered Dr. McKnight's opinion when he weighed Mr. Krell's. Dr. McKnight points out Krell's assessed dire limitations are inconsistent with his own treatment notes, which show, for example, cognition and mood within normal limits (*see, e.g*, Tr. 215, 217, 222, 229, 231, 238). In addition to bipolar disorder, Mr. Krell diagnoses opioid dependence (Tr. 235). In January 2007, he assessed a GAF of 64 indicating only mild symptoms or difficulties (Tr. 229).

As the Commissioner accurately points out, Mr. Krell is an "other source" as defined by SSA regulations. The ALJ could reject such an opinion by providing reasons germane to Mr. Krell's specific opinion (Ct. Rec. 17 at 7-8)(citations omitted).

He did.

The ALJ's germane reasons include Dr. McKnight's testimony,

plaintiff's diminished credibility, and internal inconsistencies between Mr. Krell's notes and his opinion.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

**B. New evidence**

On October 23, 2008, the ALJ issued his decision. Dr. Pollack examined plaintiff November 16, 2008 (Tr. 400-406). The Appeals Council admitted Dr. Pollack's report into evidence but denied review. Citing *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) and 42 U.S.C. § 405(g), the Commissioner asserts plaintiff fails to show good cause for remand to consider the new evidence (Ct. Rec. 17 at 8-9).

The Commissioner is correct. Plaintiff fails to explain why he did not seek Dr. Pollack's opinion before the ALJ ruled against him. A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his claim has been denied. *Mayes*, 276 F.3d at 463.

Last, plaintiff asserts the new evidence is material because Dr. Pollack's report "supports the substantial weight of the evidence in proving that [plaintiff] is much more limited than what was determined by the ALJ" and because it is consistent with

Mr. Krell's opinion (Ct. Rec. 18 at 3). According to the Commissioner, Dr. Pollack's report is "not material because it does not bear substantially and directly on the matter in dispute and there is no reasonable probability that the report would have changed the outcome of the administrative hearing." (Ct. Rec. 17 at 7-8, citing *Mayes*, 276 F.3d at 462).

The Commissioner points out Dr. Pollack assessed a GAF of 60, indicating moderate symptoms or difficulties, the same as the GAF assessed by nurse practitioner Rice who diagnosed cocaine-induced mood disorder. Most significantly, the ALJ's RFC includes the capacity to perform simple, well learned tasks, tolerate limited or superficial interaction with the public, and limited collaboration with coworkers (Tr. 18). Because these limitations are fully supported by the record and arguably consistent with Dr. Pollack's assessment, the court finds Pollack's report would not have changed the result even it had been solicited before the ALJ's decision. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-1223 (9th Cir. 2010)(no conflict to resolve when the ALJ's residual functional capacity assessment arguably incorporates a doctor's opinion).

The record as a whole, including the records of many treating professionals, fully supports the ALJ's determination Mr. Masingale is disabled when DAA is included, and DAA is a contributing factor material to the disability determination.

Because plaintiff is disabled with DAA included, as the ALJ found, and DAA materially contributes to the disability finding, Mr. Masingale is barred from receiving benefits.

///

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 11)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 21st day of March, 2011.

<u>s/ James P. Hutton</u>

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE